JAMES LUKE, JR. *vs.* DANIEL LELAND, JR. & another.

It is no objection to the competency of a witness, that if the party prevails by whom he is called, a debtor of the witness will be better able to pay his debt.

An award of arbitrators, under a submission entered into before a justice of the peace, need not be reported to the court of common pleas, as expressed in the submission, if it is performed by the parties; especially if the submission provides that the parties shall fulfil the award, without awaiting the judgment of the court.

An award of arbitrators having decided, that one of the parties should pay the other a sum of money, on or before a day named, and that the latter should thereupon deliver the former his bond with a surety; a bond was accordingly executed by the principal and surety, and left by the latter in the hands of the former, without any restriction or limitation, to be delivered on payment of the money; it was held, that the principal obligor might waive the payment of the money on the day named, and, on receiving payment at a day subsequent, might deliver the bond to the obligor, without discharging the surety from his liability thereon.

THIS was an action of debt on bond, tried before *Mellen, J.,* in the court of common pleas, and brought into this court by exceptions.

The plaintiff and the defendant Leland, having formerly been copartners, referred certain difficulties existing between them, growing out of their partnership, by a submission entered into before a justice of the peace, to the arbitration and award of Walter R. Mason, Henry M. Chamberlain, and Joseph G. Smith, and the defendants gave a bond to the plaintiff, conditioned that the defendant Leland should abide, perform, and keep the award, and should fulfil the same, without waiting the judgment of the court, in respect of all matters submitted. The arbitrators awarded, among other things, that the defendant Leland should execute and deliver to the plaintiff a good and sufficient bond of indemnity, with one or more sureties, to be approved by the arbitrators, to pay all the debts and discharge the liabilities of the firm, and to indemnify and save harmless the plaintiff from the same, on performance by the plaintiff of the award on his part, which was, that he should pay the defendant Leland five hundred dollars on or before the 19th of July then next, (1847,) for and in consideration of the execution and delivery of the bond.

It was in evidence, for the plaintiff, that a bond of indemnity, purporting to be in pursuance of the award, was executed by the defendant Leland, and the other defendant, Willard A. Harrington, as his surety, in Boston, when the plaintiff was not present; and that the defendant Leland carried the bond away with him.

It was in evidence, also, for the plaintiff, by the testimony of Mason and Chamberlain, two of the arbitrators, that a meeting of the arbitrators was held on the 23d of July, 1847, at the office of the latter, the object of which was to ascertain whether the plaintiff had paid the $500, as required by the award, and if so, to approve a bond, which appeared to have been placed in Chamberlain's hands by the defendant Leland for the purpose, and to deliver the same to the plaintiff. The plaintiff produced and exhibited to the arbitrators a receipt for $500, purporting to be signed by the defendant Leland, bearing date the 21st of July, 1847; and the arbitrators, being satisfied that the plaintiff had performed the award on his part, approved the bond, by putting their signatures thereon, and left it with Chamberlain to be delivered to the plaintiff, who delivered the same accordingly. The bond thus delivered to the plaintiff was the bond in suit.

The testimony of Mason was objected to by the defendants, on the ground, that he was a creditor of the late firm of Luke and Leland; but the objection was overruled.

The defendants contended, that the $500, mentioned in the receipt signed by the defendant Leland on the 21st of July, 1847, was not paid on the award; and upon this point, there was evidence on both sides, which was left to the jury. To make this payment, the plaintiff gave up to the defendant Leland a promissory note for $400, dated the 3d of March, 1847, and signed by Leland, as principal, and the defendant Harrington, and one Fogg, as sureties, payable to the plaintiff or order, and gave him the balance in money.

It appeared that the award had not been returned to the court of common pleas.

The defendants requested the presiding judge to instruct the jury : —

1. That the award was void, (and consequently the bond given in pursuance thereof,) because it did not follow the submission.

2. That the award was void, because it was not returned to the court of common pleas within one year, as required by law; and that the placing of the bond in the hands of the arbitrators, in compliance with their directions, as expressed in the award, was not such an acquiescence therein, as to render the same binding on the defendants, or supersede the necessity of returning it to the court of common pleas.

3. That as the $500 was not paid within the time limited in the award, the defendants were entitled to a verdict; that although the defendant Leland received the money on the 21st, intending to waive the non-payment of it on the 19th, he could not do so without the consent of the defendant Harrington, so as to bind him; and as there was no positive evidence, that Harrington consented to such waiver, the plaintiff was not entitled to recover against him.

4. That as the money was not paid on the 19th, the arbitrators had no authority afterwards to deliver the bond to the plaintiff, so as to bind the defendant Harrington; although the payment might have been received by Leland on the 21st, with an intention to waive payment on the 19th.

The presiding judge declined so to instruct the jury, but instructed them, that if the terms of the award had been complied with by the parties, before the expiration of the year, within which the same should have been returned to the court of common pleas, such performance dispensed with the necessity of returning the award; and that if the defendant Leland, on the 21st of July, accepted payment of the $500, intending thereby to waive the payment thereof on the 19th, such acceptance would be a waiver of his right to insist on such pay ment, and would authorize the arbitrators to deliver the bond to the plaintiff, so as to bind the defendant Harrington without his consent.

The jury thereupon returned a verdict for the plaintiff, and the defendants excepted.

The case was argued in writing by *G. M. Browne,* for the defendants, and *E. Buttrick,* for the plaintiff.

FLETCHER, J.   The first exception is to the admission of Mason as a witness, on the ground of interest.   The tendency of his testimony was to establish the validity of the bond in suit.   The only interest he could possibly have, so far as is disclosed by the facts in the case, is, that if the validity of the bond was established, his debtors would be better able to pay their debts.   The witness was not interested in the subject-matter of the suit, and would derive no immediate benefit from the result.   The fact, that if the validity of the bond was established, his debtors would be better able to pay their debts, did not create such an interest as would exclude him from testifying.   If it created any interest at all, it was but a remote and contingent interest, which would not affect the competency of the witness.   This point is quite too clear to require discussion.   Creditors are constantly admitted to testify in cases where their testimony tends to enable their debtors to hold or recover property, and thus be better able to pay their debts.   But such an interest has never been held to render a witness incompetent.

Another exception is, that the award did not decide all matters in dispute.   This exception finds no support in the facts of the case.   It is said, that the award itself expressly on its face does not affect certain notes.   Be it so ; but it does not appear, that these notes were in dispute, or were any subject of controversy ; and that would be a good reason, why they should not be embraced within the award, or affected by it.   Besides, such an exception comes quite too late, after the award has been accepted and fully performed by the parties.

A third exception relates to the instruction of the court below, on the point, that the award was not returned to the court of common pleas, before the expiration of the year. The instruction was, that if the conditions of the award had been complied with by the parties, before the expiration of the year within which the same should have been returned to the court of common pleas, such performance dispensed with the

necessity of returning the award; and that the bond and other contracts entered into by the parties, in pursuance of the award, would be valid, and of the same effect, as if the award had been returned to court within the year. There can be no valid objection to this instruction. It would have been a perfectly idle and vain act, which could not be required by any principle of law, or any dictate of reason or common sense, to return the award to the court, after it had been accepted and fully performed and fulfilled by the parties. It was then completely discharged of its effect. It would have been entirely useless, to say the least of it, to have carried it then to the court.

Besides, in the conditions of the bond given by the defendants to abide the award, it was provided, that Leland should fulfil the same without awaiting the judgment of the court.

The last exception to the instruction proceeds on the ground, that Leland could not waive the payment of the $500 on the 19th, and afterwards deliver the bond, or authorize the arbitrators to deliver the bond, so as to bind Harrington, the surety.

The exception assumes, that in regard to delivering the bond, Leland acted under a restricted authority, and that he exceeded his authority. The objection to this position is, that it is wholly unsupported by any evidence disclosed in the case. The learned argument, offered in support of the exception, fails wholly of its intended effect, for want of a foundation in the facts. Harrington signed the bond as surety, and intrusted it to Leland to be used as he pleased. There is nothing in the case to show, that there was the slightest restriction or limitation upon the right or authority of Leland as to delivering the bond. So far as appears, he had the most general and unlimited authority, to deliver the bond at his pleasure. Leland was the party in interest, and Harrington, so far as appears, became his surety in the bond, leaving to him to manage his own affairs in his own way, wholly free from any conditions or interference on the part of Harrington. There is therefore nothing in the case to show, that Leland

nad not a perfect right to deliver the bond, or to authorize the arbitrators to deliver it, in the manner and under the circumstances in which it was delivered. Nothing appearing to exempt Harrington from his liability on the bond, the instruction of the court below was perfectly correct on this point.

*Exceptions overruled.*